**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

DARRIN LAVON WILLIAMS, a/k/a
Sewage,
Defendant-Appellant.

No. 97-4664

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-96-374)

Submitted: June 30, 1998

Decided: July 16, 1998

Before ERVIN and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael G. Nettles, NETTLES, TURBEVILLE & REDDECK, Lake
City, South Carolina, for Appellant. J. Rene Josey, United States
Attorney, William E. Day, II, Assistant United States Attorney, Flor-
ence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Darrin Lavon Williams pled guilty to conspiracy to possess marijuana, cocaine, and cocaine base (crack) with intent to distribute, 21 U.S.C. § 846 (1994), and received a sentence of 188 months imprisonment. He appeals his sentence, arguing that the district court erred in refusing to compel the government to move for a substantial assistance departure under USSG § 5K1.1, p.s.,* and in calculating his criminal history. We affirm.

Under the terms of Williams' plea agreement, the government promised to move for a substantial assistance departure if Williams should cooperate "and that cooperation is deemed by Attorneys for the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense." Williams attempted to cooperate. He was interviewed several times and tried to make controlled purchases of drugs but was unsuccessful. Despite his efforts, the government did not move for a departure. The case agent testified at the sentencing hearing that the information Williams provided had not proved useful in the investigation or prosecution of anyone else. The district court found no evidence that the government had acted in bad faith in exercising its discretion not to move for a departure.

On appeal, Williams argues that he provided substantial assistance which the government failed to use, and that, as a result, the government's decision not to move for a departure was not rationally related to a legitimate government purpose. See Wade v. United States, 504 U.S. 181, 186-87 (1992) (prosecutor's discretion under USSG § 5K1.1 subject to constitutional limitations). However, a defendant seeking relief on this basis must make a showing of unconstitutional

_____

*U.S. Sentencing Guidelines Manual (1995).

2

motive on the part of the government. <u>See id.</u> at 186. This Williams failed to do. Consequently, the district court did not err in refusing to compel the government to move for a departure.

Williams' second claim is that the district court should have computed his criminal history score based on the time he served in custody for a number of prior offenses, rather than on the sentence imposed. He concedes that the sentencing guidelines provide that criminal history points are calculated based on the sentence imposed, not time served. <u>See</u> USSG § 4A1.2(b), comment. (n.2). We find that the district court properly calculated Williams' criminal history score.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>